We'll call the case of the United States of America v. William James Hoffa Jr. Mr. May it please the court. I am Karen Sirianni Gerlach, and I represent the appellant, William Hoffa. May I ask the court's permission to reserve three minutes of rebuttal time? Thank you. In order to resolve this case, the court need do nothing more than read pages 161 through 182 of the appendix. Within the course of those 20 pages, the district court committed five fatal errors which dictate reversal. First, the district court admitted that it was unfamiliar with the Manzella case and with the statute 18 U.S.C. section 3582 A. Second, the district court did not bother to read that case law or that statute when defense counsel cited them to the court. Third, the district court insisted that it could determine the length of imprisonment based upon the defendant's medical needs. Fourth, the district court did in fact determine the length of the term of imprisonment based upon the defendant's need. Fifth, and finally, the district court confirmed its misapprehension of the law when it stated that it was quote, not convinced, unquote, that the precedent prohibited it from considering the medical factors and in fact challenged this court to instruct it otherwise. It was the court was up front, you will have to agree, the court said if I'm wrong and if the circuit court wants to reverse me because I included in my reasons for the sentencing of this defendant the fact that he needs medical attention, then I need that kind of education. I think the problem here, right before that quotation you just read, if you read before it, the district court understands that it cannot consider, quote, rehabilitative factors and it admits that it's considering the medical factors, but it says that it does not think medical factors constitute rehabilitative considerations. Manzala, however, instructs us to the contrary because Manzala says towards the end of the case that 3582 prohibits district courts from considering in determining the length of the sentence the rehabilitative factors of 3553A2D and one of those rehabilitative factors in 3553A2D is medical concerns. But the import of that is, is it not, and our case law holds, that you have the burden, HAFA has the burden, of showing that the district court imposed a term, imposed a prison term or lengthened the term of imprisonment for impermissible rehabilitative reasons. So what can you point to in this record that would show that the district court imposed a term here that lengthened the prison term for rehabilitative reasons other than what he otherwise would have done? The district court, in those 20 pages which I cited previously, continually says he can't get what he needs on the outside. His best bet is to be taken care of by the government in prison. At the very beginning on page 162 he says, this is my principal consideration. He selected the length of the imprisonment based on the medical needs. Now he did consider other factors as well. He looked at deterrence, he looked at criminal history. Yes, isn't this case really closer to Watson than Manzala? It's actually closer to Hamilton and not precedential opinion.  No, it is not, your honor. It wasn't Watson after Manzala and didn't consider a whole host of factors like the district court did in this case? In Watson, no one factor was elevated, no one impermissible factor was elevated above the others as it was here and as it was in the Jawan Hamilton case. In the Hamilton case the district court considered other factors, the government said it did, but the one factor in that case, it was drug rehab, was elevated above the others impermissibly. I mean there are a lot of cases, there are other NPOs other than Hamilton that you don't mention that are closer to Watson in their outcome than Manzala. If you're referring to the cases the government cites in its brief, which are post-Manzala, every single one of those cases is distinguishable. Now my point is that they're actually all non-published opinions. They are, they are. But let's get back to Watson. Am I correct in my recollection in Watson, the main point there was that what you really had was an observation or a mere observation by the district court relative to the medical benefits that could accrue from being in prison. And that wasn't enough for Manzala. It was an afterthought in Watson and it's the same way in many of the post-Manzala, unpublished opinions of this court. It's an afterthought. Oh, this is the term of imprisonment I'm imposing. This is what I select and oh by the way, while you're there wouldn't it be nice if you got some rehab, if you got some job training, if you got your health needs addressed. It's an afterthought.  Here it was and the district court does not try to hide that. It instead tries to explain it away by saying medical concerns don't fall within rehabilitative concerns. The other thing, if I may say without sounding disrespectful to the district court, all the district court wanted to do was hammer on 3553A with the result that he did not look at this in depth enough to see the quote-unquote conflict on the surface between 3582 and 3553, which is in fact really not a conflict when you read those statutes carefully and also look to Manzala for clarification that these factors are permissible in terms of the sentence, the whole package, supervised release, probation, things like that, but not for that one specific piece of the sentencing package, which is determining the length of imprisonment. Don't you think that the district court thought he was doing your client a favor? That he desperate, I mean he has serious medical conditions and he could not get medical, could not afford medical attention on the outside. In both hands, excuse me. And he, I think he thought he was doing your client a favor. Now your client may not agree and it's your client's call on that obviously. For starters, his needs were being met on the outside and in the record, it is clear that he was receiving treatment even though he had issues with homelessness and so forth and that's at appendix page 167. Furthermore, Manzala and Jawan Hamilton say the good intentions of the district court do not negate. I didn't mean to suggest that good intentions would clear what's maintained as error. Frankly, your honor, if this comes back for remand, Mr. Hoffa's medical records will be before the district court again. And I can tell you I spoke with Mr. Hoffa yesterday. He was sentenced in September of 2008 and he tells me that just a few days ago, over a year later, he's received one sonogram of his liver and no follow-up from that and it's only very recently occurred. And he's also getting the same pharmacological regime, the same pills that he was getting before his incarceration. So it hasn't, in fact, benefited his health. Is the desire to ensure that someone like Mr. Hoffa has access to medical care by itself a rehabilitative goal for purposes of 3582A? It is. And Manzala specifically says that towards the end of the case when it incorporates 3553A by reference in its interpretation of 3582. It says that 3582 forbids the use of the rehabilitative concerns of 3553A2D in determining the length of the sentence and 3553A2D specifically lists medical concerns along with the rest of the laundry list of 3553A factors in that paragraph. And U.S. v. Watson repeats that? Yes. Also, to backtrack a moment, I did look at a dictionary definition of rehabilitation and even a plain dictionary definition, which if we're looking at the plain language of the statute, according to Webster's Unabridged Dictionary, it talks about to restore to a condition of good health. So the plain meaning of the word in the statute, rehabilitation, by its dictionary definition includes medical concerns. Isn't there another difference between Manzala and this case? That is that in Manzala, Manzala was sentenced above the guidelines and in this case Mr. Hoffa was sentenced within the guidelines. That is a difference, but not one that matters, because the plain language of the statute forbids the consideration of these rehabilitation goals in any circumstances, not simply when it's an above the guidelines sentence. Also, Jawan Hamilton, I know it's a not-presidential opinion, but in that case, this court reversed a within-the-guideline-range sentence. But doesn't the difference impact your ability to meet your burden to show that the sentence was lengthened because of the district court's consideration of medical care or rehabilitation? Not at all, because the statute talks about determining the length of imprisonment, not deciding upward variances or upward departures. The plain language of the statute says you just don't consider it in determining the length. It does not have a carve-out. I guess my concern here, Mr. Gerlach, even if you're correct, if there's nothing else wrong with the sentence and we would remand this for resentencing, what are we going to necessarily accomplish? It's a within-guideline sentence. The court could just not mention medical care and impose the same sentence. How are you any further ahead here? We don't know what will happen. And yes, the district court can impose the same sentence. But for starters, when the district court was so hung up on the medical situation, I would think that the district court, being as thorough as he is, will want to know the after-effects and what's been going on in prison and will take that into consideration and compare it. Based on what you've said, not much has been going on in prison. Exactly. And not much that's different from previously. I think that we need to at least give the district court a chance. If it made improper considerations, we have to give the district court a chance to look at the follow-up and see what the fallout has been and give the district court another shot at this. Also, the BOP will not give liver transplants, and that's in the record. And Mr. Hoffa is a candidate for a transplant, so I think that's another area to follow up on. All right. We'll have you back on rebuttal, Ms. Gerlach. Thank you. Mr. Eberhardt. May it please the Court, Robert Eberhardt, Assistant U.S. Attorney, on behalf of the Appalachian United States. Is Ms. Gerlach correct in her reading of Manzella and our decisions that the desire to ensure Mr. Hoffa has access to medical care is a rehabilitative goal within the meaning of 3582? I would suggest that that's a stretched reading of Manzella. Manzella dealt with rehabilitation in the classic sense that I understand it. I think that the district court, a very experienced district court judge, I might point out, understood rehabilitation. I think that there is at least some indication in the Watson. This court in Watson treat medical care as rehabilitative? It did. I don't know whether it was raised as an issue in that case. It doesn't seem to have been an issue brought up by either party whether or not AIDS as the condition that was involved fit under the rehabilitation definition at all. I don't believe that was raised in Watson. In context of what happened in the district court, I think it's important to understand that the whole idea of medical treatment was raised by Hoffa's counsel and raised as a basis for a variance. The district court had gone through its preliminary and tentative findings and started a sentencing hearing and I would suggest to this court as experienced judges that an experienced judge who is sentencing wants to hear from counsel as to positions with regard to the sentence. And I think the preliminary view of this transcript of sentencing has to be viewed as permitting a district court judge to flesh out what the positions of the parties are. And I readily admit that the district court found in the medical records and the medical position with regard to those medical records some basis for saying this defendant would be better off with his medical condition in a prison environment than he has been historically outside of the prison system. And I would suggest that the judge was dealing with a request for a variance and having to determine whether or not the argument that Mr. Hoffa should be below the guideline and outside the guideline and out on the street with the possibility that he wouldn't be treated medically as he had been in the past or, as the judge seems to very strongly indicate, my position is this sentence should be within the guidelines and because of your history and because of the nature of the crimes that you've committed, this should be a sentence at the high end of the guidelines. I think the entire sentencing... During the course of the district court's remarks, statements, I believe, that stated, that declared that ensuring access to medical care was a principle and an overriding concern. I don't disagree that there's... I think, isn't it, I mean, after a sentence at the top of the guidelines, with that in the transcript that we have before us, wouldn't it be reasonable to conclude that the sentence might have been shorter, but for the district court's consideration of rehabilitative goals? It's not the way I read the sentencing transcript, Your Honor, and I readily admit that it's the way you read the transcript that's more important than the way I read the transcript, but I would suggest that if you read the entire transcript of the sentencing proceeding, the really indicating that your request for a variance and your presentation is stronger as an argument for a sentence at the high end of the sentencing guidelines. This presentation, well done as it is, to me as a sentencing judge, reflects that I should be sentencing at the high end of the sentencing guidelines. Isn't that the equivalent of saying I'm going to lengthen the sentence because of your medical condition? If you isolate that, and that's what Watson says you shouldn't do, taking isolated sentences from what a judge says at a sentencing proceeding, I readily admit, you take isolated sentences out of this transcript, you know, I've got a problem, but if you read the entire transcript and very frankly, if you, at the point where the judge says, now I'm ready to sentence and here's the reasons, when you get to that part of the transcript, those last three or four pages of the transcript reflect the fact that the judge is sentencing because of the history and the seriousness of the criminal conduct. And he's sentencing because he is deterring and he's incapacitating, and he uses that term very strong, forcefully, I'm incapacitating you because you commit crime, you don't do anything else when you're out. So I know the district court judge was concerned about the medical issue, but it was presented as a reason for variance, and if you read the entire sentencing transcript, I suggest you will reach the conclusion that when it started out as a variance, the court was engaged in a conversation with counsel, and that conversation reflected the fact that the court was going to sentence at the high end of the sentencing range, and he felt comfortable that in sentencing there I was also going to provide for your medical care. Let me turn attention a little bit, assume that the transcript is correctly read as you're going to cross the aisle, and suggest in your argument heading, and indeed throughout your brief, when you say the district court did not impose a term of imprisonment solely for the purpose of rehabilitation in violation of 18 U.S.C. 3582A, and in almost all instances in your brief when you talk about, you say solely for the purpose, and there are some cases from this court, unpublished cases, that have some language that supports that. I enjoy that language. Is that really a tenable position? Well, when the statute says, 3582A says, in determining whether to imprison, or determining the length of the term, the court shall recognize that imprisonment is not an appropriate means of rehabilitation. Now, if it's not an appropriate means, and Congress has determined that, can we have a rule that says, well, it can't be the sole factor, but if you have several reasons, and this is one of them, then what was inappropriate to consider all of a sudden becomes appropriate. Well, I would suggest, again, reading the entire sentencing transcript, the sentencing hearing was totally about whether or not to grant a variance. I would suggest that the whole issue of medical care was a 3553A exercise, and when counsel raised the 3582A position, if you read the transcript, the court said, I'm not talking about rehabilitation, I'm not talking about that. Now, Manzella and Watson, I understand the argument that it covers medical care, but I would suggest that 3553A, to the extent that's applicable in this case, includes medical care. So the judge is in a position where I have to consider medical care in determining the sentence. I have a defendant who's arguing I should not be sentenced to a term of imprisonment of any great length because I should be varied because of my medical condition. So the judge is weighing the medical care issue in conjunction with his, what I would suggest is a predisposition to impose a guideline sentence, and rejecting the argument of defense counsel. And I think when you get past- Wait a minute, the question was whether there is any merit to your saying that as long as the impermissible, just assume for purposes of my question that rehabilitation includes medical care. Can we have a rule that it's inappropriate to consider it as the sole reason for putting somebody in prison or extending their sentence? That's no good. But as long as you've got something else to go in there with it- Well, I think if it's the primary reason, if you look at the Hamilton case that Offer relies upon, in Hamilton the district court said, I'm imposing this at the higher end so that you will get the training. There is nothing equivalent to that in this transcript. I would suggest that it is a factor. I don't deny that the court took into consideration medical care as a factor in determining what the appropriate sentence was. But there's nothing, and I argue that they failed to meet their burden on this, to say that the district court imposed a higher or more lengthy sentence on the basis of medical care. I think the court was reflecting the fact that you will get medical care because you will be in prison. In fact, whether he was sentenced at the low end or even to a sentence of imprisonment outside the guideline range, he was going to get medical care in the prison system, at least for a period of time. So whether it should be a sole factor test or a primary factor test, on this record, I would suggest it is, in the end, the district court does not consider it the primary factor. It considers it a factor, both in rejecting the variance request and in being comfortable with a sentence at the high end of the guidelines. Thank you very much. Thank you. Rebuttal, Ms. Gerlach. Thank you. Your Honors, the possibility of getting medical care in prison should simply never be a factor in determining the length of sentence. If that's the case, why does 3553, A2D, specifically allow the court to consider the need for medical care? Because it can be considered in terms of the whole sentencing package as perhaps a condition of supervised release and so forth. It doesn't say that. It says in imposing a sentence. And a sentence is the whole package. A sentence includes imprisonment, a sentence includes supervised release, a sentence can impose costs, fines. But 3582 clarifies that by saying that within this one piece of the sentencing package determining the length of imprisonment, rehabilitation concerns including medical concerns cannot be considered. So you want us, you would ask, your position would be that we would have to limit the applicability of 3553, AD2. It's already been limited by 3582A and Manzella has told us that. Is it accurate that we should construe what the district court did here, particularly when this whole issue was raised in the terms of the variance? This is how it got started. Counsel asked that he have a reduced sentence because of his medical conditions. It's a red herring really. The fact that the district court wouldn't give us a variance has no bearing on the fact that it then determined the length and in fact lengthened it because he got the top of the guideline range based on that. And really in asking for the variance we did nothing that was contradictory to our current objections to the lengthening of the sentence based on these factors. One thing and the point I was trying to make if I may, this is all speculative and they say it in Manzella. A sentencing judge sitting on the bench pronouncing sentence has no control over what the Bureau of Prisons is going to do with medical care, rehab, or anything. This case bears that out in the fact that Mr. Hoffa has not received treatment for his liver disease. And because it's speculative and because the district court judges cannot control the BOP and what goes on in that bureaucracy, the statutes are right. It should never be a factor. I have clients writing to me every day complaining about medical issues that they can't get treated. There's a lot of bureaucracy for medical treatment and it's outside of the court's domain. And so the plain language of these statutes should be adhered to as interpreted in Manzella. Thank you. Thank you counsel. The case was well argued. We'll take it under advice.